UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE ROYSTER, CHRIS LEGAL, SR, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SACRAMENTO, DAVIS POLICE DEPARTMENTS, CITY OF DAVIS, <br><br> Defendants. | No. 2:18-cv-02713-KJM-AC <br><br><br> ORDER |

On October 11, 2018, plaintiffs filed a motion for temporary restraining order, claiming, from what the court can discern, that the City of Sacramento would be conducting a forceful eviction of approximately 30 homeless individuals from a particular city-street location at 12:00 p.m. on October 12, 2018. ECF No. 4. The filing was entered by court staff the morning of October 12, 2018, and the court became aware of the motion at approximately 2:35 p.m. that same day. Shortly thereafter, the court issued a minute order denying the motion without prejudice, with a written order to follow. ECF No. 5.[1] As indicated, the court provides its reasoning for the denial of the motion below.

---

[1] While the court intended to file this order on October 15, 2018, it inadvertently did not follow up as planned although the order had been drafted.

1

I.      LEGAL STANDARD

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).  In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

In addition to the above, a movant must also comply with this court's local rules.  Local Rule 231(b) directs the court to consider the timeliness of the motion in light of the impending injurious act.  If the movant "could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order . . . the [c]ourt may conclude that the delay . . . contradicts the applicant's allegations of irreparable injury and may deny the motion solely on [that] ground." *Id*.  Additionally, Local Rule 231(c) provides a list of documents that must accompany the motion for the court to hold a hearing on the matter.  The court will deny hearing on the motion if a movant fails to comply.  *Id*.

II.     DISCUSSION

Here, based on the nature of plaintiffs' motion and the circumstances described therein, the court need only consider two factors in resolving the motion, and need not reach each of the enumerated factors set forth above.

A. Timeliness of the Motion and Likeliness of Irreparable Harm

The principle function of a temporary restraining order ("TRO") is to prevent the potentially injurious act long enough to hold a hearing on the matter, and, if necessary, to hold a more substantive hearing to determine if a preliminary injunction is appropriate. *Granny Goose*, 415 U.S. at 439. If the threatened injury has already materialized, the movant's assertions that irreparable injury will occur without a restraining order is significantly undercut. *See*, *e.g.*, *Nickerson-Malpher v. Baldacci*, 560 F. Supp. 2d 72 (D. Me. 2008) (finding that owner of purebred dogs would not suffer irreparable harm when state seizure of dogs had already occurred prior to seeking a restraining order).

Here, the threatened injury has already occurred. Plaintiffs submitted their motion for court filing on October 11, 2018 (as indicated by document "filed" stamp). ECF No. 4. The administrative filing process led the document to be uploaded to the court docket at approximately 11:10 a.m. on October 12, 2018, roughly fifty minutes before the alleged eviction was scheduled to occur. *See id*. (document transaction notification). The court, however, was not formally notified of the motion until approximately 2:35 p.m. that same day, roughly two and a half hours after the scheduled eviction. *Id.* Thus, by the time the court became aware of the motion and reviewed the filing, the event plaintiffs sought to enjoin had already occurred. At that point, any injunctive relief granted by the court would be ineffective. In other words, the ability to maintain the status quo had passed, and the potential for future irreparable harm, within the TRO context, no longer exists.

B. Compliance with the Local Rules

Even if timeliness of the motion were not an issue, plaintiffs' failure to comply with the Local Rules provides additional grounds for the court's denial of the motion. In pertinent part, Local Rule 231(c) enumerates documents to be filed in order for the court to hear argument on the motion. Local Rule 231(c)(5) requires the movant to submit "an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given." This affidavit and notice requirement underscores that it is only in the "most extraordinary of circumstances" in which the court will grant a TRO in the

1  "absence of actual notice to the affected party." *See* Local Rule 231(a). Unless such circumstances are abundantly clear to the court, the motion will be denied.

Here, plaintiffs' filing contains no affidavit or indication that any attempt was made to notify the City of Sacramento of their request for injunctive, or that such notification efforts would be futile. *See generally* ECF No. 4. Although the court is cognizant of plaintiffs' pro se filing status, plaintiffs are held to procedural rules; here, plaintiffs have made no showing that extraordinary circumstances exist such that the court should grant the motion absent notification to the affected parties.

III. <u>CONCLUSION</u>

Based on the foregoing discussion, plaintiffs' motion for temporary restraining order, ECF No. 4, is DENIED without prejudice. This matter is referred back to the Magistrate Judge for future handling in accordance with Local Rule 302(c)(21).

IT IS SO ORDERED.

DATED: October 23, 2018.

_____
UNITED STATES DISTRICT JUDGE